AMERICAN THERMOS BOTTLE CO. v. AMERICAN EVER-READY CO.

(Circuit Court, S. D. New York. July 6, 1910.)

No. 40.

PATENTS (§ 328*)—INVENTION—DOUBLE-WALLED VESSELS.
   The Burger patent, No. 872,795, for double-walled vessels, construed, and *held* void for lack of invention, as embodying only a change in a prior device from one material to another, which was also old in the art.

In Equity. Suit by the American Thermos Bottle Company against the American Ever-Ready Company, for infringement of letters patent No. 872,795, for improvement in double-walled vessels, granted December 3, 1907, to Reinbold Burger. On final hearing. Decree for defendant.

James C. Chapin, of New York City, for complainant.
H. D. Williams, of New York City, for defendant.

HAND, District Judge. The first question is of infringement. Literally the defendant's device infringes each of claims 1 and 3. It is a vessel comprising, in combination, first, double walls of glass united with each other only at the mouth of each other; second, inclosing between them a rarified space; third, an "unevenness" [and] a "pro-

jection" on the surface of one of said walls within said space; fourth, a stiffening body (a) disposed between said walls, and (b) engaging, and (c) kept in position by said "unevenness" [and] "projection."

It makes not the least difference whether the pad is necessary or not, or whether Reed's patent without a pad will be operative. If the pad be unnecessary, let the defendant omit its use, and this patent will not be pertinent. Nor does it matter that they put in the pad for a different purpose, as to guide the indenting tool. This they may do with a piece of paper afterwards removed. The difficulty is that, whatever the purpose, the function of the pad is to act as a "stiffening" body, because it alone keeps the two bottles apart and prevents any play between them. Without doubt the play might be little; but, while it is there, it acts precisely as the complainant's pads, though to a less degree. Moreover, it is "disposed" between the walls: it engages with and is kept in position by both "projection" and "unevenness." The defendant's purpose is immaterial, when it uses the actual device in that way.

The most plausible argument for the defendant is this:

"The complainant's pad is not kept in place merely by friction, for in each form of the patent the 'projection' or 'unevenness' is so set that the pad cannot slip without suffering some compression of its own form. It is not surface friction with the walls that holds it, but the proper rigidity of the body itself. In our pad, however, there is no need of compressing any part of the body, if it is to escape between the 'projection' and the wall, because it is held in place strictly by the surface friction between the two walls, which incidentally have at that point a peculiar conformation designed to increase their frictional resistance."

The answer is that the defendant's pad is of some elastic substance, and the "projection," which at the point of contact has a smaller circumference than the pad, is pressed firmly against it at approximately its center. This action upon an elastic substance necessarily compresses somewhat that portion of the pad directly between the point of the "projection" and the adjacent wall. Therefore, for it to slip out, there must be overcome the proper rigidity of so much of the pad as lies between the edge of the "projection" and the supposititious point in the circumference of the pad at which it is to escape. The pad is therefore held in the infringing device by precisely the same function as in the patent in suit. It is quite obvious that, were frictional engagement all that held the pad, it would be disastrous to reduce the area of the outer wall, as is done at the point of the "projection."

The argument in the Patent Office of the learned counsel for the complainant was in no sense an estoppel. As to its merits, I leave it as I find it, addressed to the authorities who have that issue in charge, and in no respect suggesting whether it be valid or not under the circumstances in which it appears.

I must therefore determine whether the patent is valid. It is clearly limited by Burger & Aschenbrenner, No. 820,347, strictly to the combination of "projections" and "unevennesses" in a glass vacuum bottle. However, mere projections from the sides of such vessel, such as Heylandt (French No. 343,818), Nicholson (544,791), or Arnold

(481,544), do not indicate in the least the problem, or its solution, and I disregard these. Also I disregard those which indicate spacing pads or stiffening bodies held in place by friction merely, as Kloezewski (200,065), or Ostergren (644,259), although these are much more suggestive than the former.

The real question is whether any one has in such a vessel, or one nearly akin to it, kept spacing pads in place by "projections" or "unevennesses" in the walls of the vessel. To determine this the quickest means by analysis is to look for estoppels in the file wrapper. We there find that claims 5 and 6 of April 23, 1907, were rejected upon Place (707,634), and were afterwards amended without appeal. By the usual rule the patentee is therefore limited in patentability to the change from Place to his new claims. Claim 5 of April 23, 1907, is most like claim 2 of the patent in suit, and claim 5 like claim 3. In order fully to understand their differences I now give claim 2 of the patent in suit, underscoring the new matter and adding in brackets that omitted from claim 5 of April 23, 1907. In the same way I set forth claim 3 of the patent in suit.

2. "A vessel, comprising in combination double walls *of glass* united with each other only at the mouth of said vessel and inclosing between them a rarified space, unevennesses *provided* on the adjacent in surfaces of said walls *at about the same height*, within said space and [resilient] stiffening bodies [arranged] *disposed* between said walls and *engaging the unevennesses referred to* and kept in position *thereby* [by said unevennesses] substantially as set forth."

3. "A vessel, comprising in combination double walls *of glass* united with each other only at the mouth of said vessel and inclosing between them a rarified space, a projection on *the* [an adjacent] surface of one of said walls within said space, and a stiffening body disposed between said walls, and *engaging and* kept in position by said projection, substantially as set forth."

It will be seen at a glance that, since Place used cork for his pads, the only change of the least consequence was in the material of the vessel, which was limited to glass in the claims finally allowed. Claim 1 of the patent in suit is the equivalent in the singular of claim 2, and certainly has no patentable difference from it; and the same may be said of claim 4, compared with claim 1. We may therefore start with the admission of the patentee by estoppel that his invention consisted in applying to the third Place patent the idea of a glass vessel, and the question becomes, shortly, whether it was invention to put such "projections" and "unevennesses" into a glass bottle as were indicated in the third Place patent.

It is no doubt usually the rule that a mere change in material is not patentable, but it is not universally nor necessarily the rule. I should certainly hold that, in view of the well-known Dewar vacuum bottle, it was no invention merely to put a Place holder into glass form. Indeed, to do so would be simply to turn back to the old art in its earliest development. The question here, however, is not simply of a Dewar bottle, but of such a bottle with stiffeners, and those stiffeners held by "projections." Was it invention to take the old Dewar bottle, and add the form of stiffener shown in Place, held fast as there indicated? The pads perform precisely the same function in either case, and the invention must therefore be limited to the glass projections and un-

evennesses.   Of course, there might be patentability in the particular method of making the "projections" in question, but that the patentee has not claimed.  Doubtless it was well-known and easy in the glass blower's art.

It is quite true that no one appears to have put "projections" of this sort into a glass bottle before, nor do I regard Wolf (415,428), or Haines (679,696), as near enough to be anticipations.  In Wolf the outer bottle was not of glass, and in Haines the "projection" was from a metal container.  Neither adds anything to Place, certainly so far as regards the "projections."

Nevertheless, with two vacuum bottles before one—first, the Dewar flask in glass; and, second, the Place vessel—admittedly exemplifying everything but the material, I cannot think that it was invention merely to combine the two.   The idea of combination, both being vacuum bottles used for the same purpose, at once suggests itself.   The precise form of "projections"—that is, by pushing in the wall of the bottle—might be new; but that, as I have said, is not claimed, for any "projection" from the wall would do, even a "projection" of another material, were that practicable.   The invention is simply what is claimed, and the claims are its measure.   Nat. Enameling Co. v. New England E. Co., 151 Fed. 19, 29, 80 C. C. A. 485.   The claims here are for the combination per se, and that combination is, after all is said and done, nothing but a change from one material to another old one in the art.   Making every reasonable allowance, I cannot think the patent is good.

This is not a case of an immediate acceptance and use of the discovery, and I am not embarrassed by that usual evidence of novelty. So far as appears, the complainant has never made or sold his bottles, and it is only when the defendant put out what he plausibly claims to be an improvement that the sales began.   It does not appear that without such improvement any problem has been solved which has long vexed inventors, or that alone the patented invention met a long unanswered want.   Nor does it appear that the Dewar flask was before the Patent Office when the patent was granted.

I cannot, therefore, think that claim 3 is valid, which provides for the "projections."   I think that I should have come to an opposite conclusion as to claim one, were it not that, by amending his claims, the patentee seems to have drawn no distinction between the "unevennesses" and the "projections," and by that election he must be bound.

Bill dismissed, with costs.